**UNITED STATES of America ex rel. Cameron R. PRITT, H–5436,**

v.

**Alfred T. RUNDLE, Supt.**
**Misc. No. 3674.**

United States District Court
E. D. Pennsylvania.
Nov. 9, 1967.

**144**

Cameron R. Pritt, in pro. per.

John F. Rauhauser, Jr., Dist. Atty. of York County, York, Pa., Earl R. Doll, Asst. Dist. Atty. of York County, for respondent.

## OPINION

FULLAM, District Judge.

The relator, Cameron R. Pritt, was convicted of burglary in York County, Pennsylvania, and, on April 4, 1966, was sentenced to imprisonment for a term of five to ten years commencing as of August 16, 1965. He did not appeal his conviction, but did seek post-conviction relief under the applicable statute (19 Purdon's Stat.Ann. § 1180–1 et seq.). Relief was denied, without a hearing, and the relator appealed to the Superior Court of Pennsylvania. The appeal is still pending.

The gist of relator's present application to this court is that his withdrawal of his post-trial motions, and consequent failure to perfect a direct appeal, resulted from misrepresentation and coercion; and that he has found it impossible to obtain adequate appellate review in the state courts because of the non-availability of the trial record.

The circumstances are unusual. The relator was one of three defendants tried together, all represented by the same attorney. It is the practice of the staff of the District Attorney of York County not to obtain a copy of the notes of testimony, but rather to make use of the original notes in the office of the Clerk of Quarter Sessions. The records in the Quarter Sessions' office indicate that one copy of the transcript was furnished to the attorney representing the three defendants. That attorney has advised the state trial judge that he has no recollection of ever having received such transcript, and that he has made a diligent search and is unable to locate same. Relator's application for relief under the post-conviction hearing act was refused rather promptly, without a hearing, and relator appealed to the Superior Court. By the time it was discovered that his trial counsel could not make a transcript available to him, the entire original record had been lodged with the Superior Court, pursuant to its mandate. The relator, being unwilling to submit his appeal without an opportunity to review the trial record, sought and obtained a continuance of the argument of the appeal, and then proceeded to take further steps to try to obtain a copy of the transcript.

On May 29, 1967 (apparently after some earlier correspondence on the subject), relator petitioned the Superior Court to remand the record to the lower court so that a copy of the transcript could be made and furnished him. On June 2, 1967, the Prothonotary of the Superior Court wrote the relator as follows:

"Please be advised that the only manner in which this office can comply with such a request is by order of the court below requesting the Superior Court to return the record to their offices."

A copy of this letter was sent to the District Attorney's office. Pursuant to this suggestion, relator filed a motion with the trial court seeking an order requesting the Superior Court to remand the record. Under date of June 16, 1967,

the President Judge wrote the relator a letter as follows:

"You have now submitted a motion for an order to remand the records of your case from the Superior Court. The records were transmitted to that court as a result of a certiorari from it to this court directing that the record be sent up to the Superior Court as a result of the appeal which you have taken. I note that the appeal was listed on the calendar of the Superior Court for argument at its session commencing March 13, 1967 at Harrisburg.

"Unless you want to withdraw that appeal I would see no reason why this court should ask the Superior Court to remand the record. If you wish to withdraw it, then of course the appeal court will act upon your request, and if the withdrawal is permitted the record would then be returned to this court by the appeal court."

There appears to have been some misapprehension as to the purpose for which the relator sought to have the record remanded to the trial court. It should not prove very difficult for the District Attorney's office to obtain a copy of the notes of testimony for the relator, either by stipulation or further proceedings involving the original copy now on file with the Superior Court; or, if necessary, by having the stenographer's original notes retranscribed. However, it is not the function of this Court to concern itself with these purely procedural aspects of a state criminal proceeding.

It may well be, as suggested in the pleading filed by the District Attorney, that if it could be established that relator's trial counsel did receive a copy of the notes of testimony, relator's current deprivation thereof should not be regarded as resulting from state action. On the other hand, it does appear that the same attorney represented more than one defendant (indeed, one of relator's current contentions is that there was a conflict of interests in such representation). Moreover, to adopt the District Attorney's argument in this regard would merely shift the emphasis to an inquiry into the adequacy of counsel.

■ The duty of this Court is to determine whether the relator is being deprived of his liberty in violation of his rights under the constitution of the United States. But this Court can properly act only after all available state remedies have been exhausted. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); United States ex rel. Romano v. Fay, 360 F.2d 389, 393 (2d Cir. 1966), cert. den. Romano v. Follette, 385 U.S. 1020, 87 S.Ct. 725, 17 L.Ed.2d 557 (1967); United States ex rel. Wilkins v. Banmiller, 325 F.2d 514, 517 (3d Cir. 1963), cert. den. 379 U.S. 847, 85 S.Ct. 87, 13 L.Ed.2d 51 (1964). It is abundantly clear that the relator in this case has not in fact exhausted his state remedies. But it is equally clear that, unless and until a record of his trial is accessible, relator may be justified in concluding that state remedies are not fully "available" to him.

■ It must be remembered that the equal protection clause requires that the relator be afforded the same right of appellate review as any other defendant similarly situated, Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Relator's unwillingness to acquiesce in unequal treatment, in the form of record-less preparation for appellate review, may constitute justification for failure to exhaust state remedies.

Since it does not appear that the state authorities have intentionally sought to curtail relator's appellate proceedings, and since relator himself has undoubtedly contributed somewhat to the delay, I believe it would be inappropriate for this Court to take any action at the present time. An adequate opportunity should be afforded the state tribunals to remedy the procedural impasse presently existing. Accordingly, I have decided to stay all further proceedings in the present case for 90 days. At the expiration of that time, this Court will, upon application, re-examine the situation and consider anew the exhaustion problem.